# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GREGORY MCKINNEY and STEPHANIE MCKINNEY,

        Plaintiffs,

v.

        Case No. 8:13-cv-1118-T-24-AEP

BALBOA INSURANCE COMPANY,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Balboa Insurance Company's motion to dismiss. [Doc. 11]. Plaintiffs Gregory McKinney and Stephanie McKinney oppose. [Doc. 13].

**I.    BACKGROUND**

Plaintiffs Gregory McKinney and Stephanie McKinney's mortgagee, Bank of America, N.A. ("BANA"), obtained a lender-placed insurance policy ("LPI policy") from Defendant Balboa Insurance Company to insure the subject property, which is owned by Plaintiffs. Under the LPI policy, BANA is the "named insured" and Plaintiffs are the "borrower[s]." [Doc. 2-1 at 12; *id*. at 31]. The policy's "loss payment" clause states:

> 13. Loss Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds YOUR insurable interest, the BORROWER may be entitled, as a simple loss payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER's insurable interest in the damages or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under the Residential Property Form.[1]

---

[1] The policy defines the words "you," "your," and "yours" as the named insured from the Declarations Page. [Doc. 2-1 at 12]. The Declarations Page states that the named insured is Countrywide Home Loans. [*Id*. at 1]. Through a series of endorsements, the named insured is now BANA. [*Id*. at 2-6].

[*Id*. at 16].

On or about March 28, 2007, Plaintiffs discovered physical damage to the walls and floors of their residence. By July 25, 2010, the damages had worsened. Plaintiffs provided Defendant with a sinkhole investigation report and sought payment for the damage under the LPI policy. Defendant refused to pay. Plaintiffs sued Defendant for breach of contract in state court, and Defendant removed the action to federal court on the basis of diversity jurisdiction. [Doc. 1].

Plaintiffs allege that the property damage is a covered loss, and Defendant breached the LPI policy by failing to pay the loss. Plaintiffs allege they are "additional insureds and/or third-party beneficiaries" and "Plaintiffs and/or Mortgagee [BANA] are entitled to the full cost of repairs of the damage" or an amount equal to the coverage limits. [Doc. 2, ¶¶ 3, 8, 14]. Plaintiffs "seek[] to require that any proceeds properly due to Mortgagee [BANA] which are recovered in this action be paid to the Mortgagee [BANA] and Plaintiffs." [Doc. 2, ¶¶ 11, 13]. In addition, Plaintiffs seek attorneys' fees and costs under Florida Statutes § 627.428. [*Id*., ¶ 18].

Defendant moves to dismiss the complaint with prejudice for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). Defendant argues that Plaintiffs: (1) are not named insureds, additional insureds, or third-party beneficiaries of the LPI policy and therefore lack standing to bring this action; (2) fail to state a third-party breach of contract claim; and (3) fail to state a claim for attorneys' fees.

## II.  LEGAL STANDARD

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can be based on facial or factual grounds. *See Morrison v. Amway, Corp.*, 323 F.3d 920, 924 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). "Facial attacks

challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Id*. "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings," in which case the court "may consider extrinsic evidence such as testimony and affidavits." *Id.*

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

### III. DISCUSSION

#### A. Whether Plaintiffs have third-party beneficiary standing

Defendant argues that Plaintiffs lack standing to bring this action because they are not named insureds, additional insureds, or third-party beneficiaries of the LPI policy. Plaintiffs do not dispute that they are not named insureds or additional insureds but contend they can proceed as third-party beneficiaries.

Defendant acknowledges that its argument that Plaintiffs are not third-party beneficiaries conflicts with a line of Middle District of Florida cases, which hold that a borrower, who is a property owner with an "insurable interest" under Florida Statutes § 627.405, is a third-party beneficiary with standing to bring a claim for breach of the mortgagee's LPI policy. *See Conyers v. Balboa Ins. Co.*, 2013 WL 1233891 (M.D. Fla. Mar. 26, 2013) (Covington, J.); *Mitchell v. Balboa Ins. Co.*, 2012 WL 2358563 (M.D. Fla. June 20, 2012) (Kovachevich, J.); *Kelly v. Balboa Ins. Co.,* 2012 WL 4761905 (M.D. Fla. May 29, 2012) (Scriven, J.); *Fawkes v. Balboa Ins. Co.*, 2012 WL 527168 (M.D. Fla. Feb. 17, 2012)*, reconsideration denied,* 2012 WL 899386 (M.D. Fla. Mar. 16, 2012) (Moody, J.); *Fawkes v. Balboa Ins. Co.*, 2011 WL 557322 (M.D. Fla. Feb. 11, 2011) (Moody, J.). Contending that those cases were based on an incorrect interpretation of *Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Company*, 281 So. 2d 373 (Fla. 3d DCA 1973), Defendant argues that *Schlehuber* is inapplicable to confer Plaintiffs with third-party beneficiary standing. Defendant also argues that Plaintiffs fail to state a cause of action for third-party breach of contract.

#### 1. *Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Company*

In *Schlehuber*, the owners of a building took out a fire insurance policy covering the building. The owners later sold the building, after which a fire damaged the building. At the

time of the fire, the purchaser had not taken out his own insurance policy; however, the prior owners' insurance policy—which did not identify the purchaser as an insured—was still in place.

The fire insurance policy contained a mortgagee loss payment clause, which stated that any loss "shall be payable to the mortgagee . . . as [its] interest may appear." The purchaser requested the insurer pay the mortgagee for the loss, but the insurer refused. The mortgagee never made a claim under the policy. The purchaser filed a declaratory judgment action against the insurer (but did not join the mortgagee as a party) to require payment to the mortgagee under the policy's mortgagee loss payment clause.

The *Schlehuber* court held that the loss payment clause could be enforced by the purchaser as a third-party beneficiary, despite not having a policy in his name. Specifically, the court determined that the purchaser had an "insurable interest"—defined by Florida Statutes § 627.405 as an "economic interest in the safety or preservation of the subject" property[2]—at the time of the loss and "ha[d] a right to enforce the policy as it was written and in force at that time." Notably, the court did not discuss whether the insurance policy included language showing the contracting parties' intent to benefit the purchaser.

### 2.     Florida courts' application of *Schlehuber*

Florida state courts have interpreted *Schlehuber* to mean that a property owner could enforce an insurance policy's mortgagee loss payment clause as a third-party beneficiary. *See Spindler v. Kushner*, 284 So. 2d 481, 483 (Fla. 3rd DCA 1973) ("In the *Schlehuber* case, we held that an owner of recently purchased property could enforce the seller's policy of fire insurance covering the property insofar as the policy provided for payment to the mortgagees."); *Ran Investments, Inc. v. Indiana Ins. Co.*, 379 So. 2d 991, 994 (Fla. 4th DCA 1980) ("*Schlehuber*

---

[2] "'Insurable interest' as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." Fla. Stat. § 627.405(2).

stands for the proposition that the property owner may recover against the insurer as a third party beneficiary of the mortgagee clause and to that extent only."). These courts have applied *Schlehuber*'s third-party beneficiary reasoning to insurance policies other than fire insurance policies. *See, e.g., Ran Investments,* 379 So. 2d at 994 (property owner was entitled to enforce the mortgagee loss payment clause of a hazard insurance policy). They have also applied *Schlehuber* to enforce payment to persons other than mortgagees. *See, e.g., Spindler*, 284 So. 2d at 483 (property owner was entitled to enforce insurer's payment to the named insured[3]).

Although dicta, Florida's Second District Court of Appeal in *Aldridge v. Peak Property and Casualty Insurance Company* suggested that *Schlehuber* applies to confer standing to a borrower seeking to enforce loss payment to the mortgagee under the mortgagee's LPI policy. 73 So. 2d 499 (Fla. 2d DCA 2004). Like this case, *Aldridge* involved an LPI policy identifying the mortgagee as the named insured and the property owner as the borrower, and the borrower sued the insurer after the property was damaged by sinkhole activity. *Id*. at 500. Unlike this case, the borrower in *Aldridge* brought a first-party claim, not a third-party beneficiary claim, to recover proceeds under the LPI policy. *Id*. The *Aldridge* court held that no basis existed for a first-party claim; however, the court stated that the borrower could have brought a third-party beneficiary "claim for the payment of proceeds to the mortgagee under the policy." *Id*.; *see id*. at 500 n.1 (citing *Schlehuber*, 281 So. 2d at 373).

Courts in the Middle District of Florida have applied the *Schlehuber* reasoning to the issue presented in this case, *i.e.,* whether a borrower is a third-party beneficiary entitled to enforce the loss payment provision of the mortgagee's LPI policy even though the borrower is not a named insured. The courts held that the borrower is a property owner with an "insurable

---

[3] The *Spindler* opinion indicates that the insurance policy's payment provision requires payment to the named insured, not a mortgagee.

interest" under Florida Statutes § 627.405 and therefore has standing to bring a third-party breach of contract action under the LPI policy to enforce the loss payment clause.

### 3. Defendant's argument that *Schlehuber* is inapplicable

Defendant contends that the Middle District of Florida cases incorrectly employed the "insurable interest" concept in *Schlehuber* to confer a borrower with third-party beneficiary standing. [Doc. 11 at 7]. Defendant argues that *Schlehuber* is factually distinguishable from, and thus inapplicable to, the LPI policy at issue. [*Id*. at 10-12].

Specifically, Defendant argues that the *Schlehuber* court's reason for conferring the purchaser with third-party standing was to enforce what would otherwise be an unenforceable insurance policy. [*Id*. at 9-11]. The premise of this argument is that, after the building was sold to the purchaser, no one could enforce the insurance policy. Defendant contends the *Schlehuber* court wanted to enable the policy's mortgagee loss payment clause to be enforced—because the clause stated that payment to the mortgagee would "not be invalidated by . . . any change in the title or ownership of the property"—and therefore held that the purchaser, having an insurable interest, could enforce that clause.

However, Defendant provides no legal basis for its assertion that the change in ownership resulted in an "otherwise-effective policy which, on its face, was unenforceable by anyone."[4] Even if this assertion had legal support, nothing in the *Schlehuber* opinion indicates that the language of the mortgagee loss payment clause—that it would not be invalidated by change in property ownership or title—was critical to the *Schlehuber* court's decision.

Nor does Defendant provide support for its argument that *Schlehuber* is inapplicable because it is factually distinguishable. Although Defendant identifies differences between the

---

[4] Defendant's assertion is incorrect. *See BankAmerica Housing Servs. v. Allstate Ins. Co*., 778 So. 2d 1218, 1221 (Fla. 2d DCA 2000) (holding that a lien holder of a valid lien had an insurable interest in the property and was entitled to recover under the loss payable clause of the insurance policy).

fire insurance policy in *Schlehuber* and the LPI policy in this case, Defendant fails to explain why those factual distinctions mean that *Schlehuber*'s reasoning does not apply here. Defendant also argues that *Schlehuber* is different from this case, because the purchaser in *Schlehuber* was seeking the same relief contemplated by the parties to the original contract— payment to the mortgagee. [*Id*. at 12]. This distinction lacks merit, given that the LPI policy's loss payment clause requires payment to the mortgagee, *i.e.,* BANA, and Plaintiffs' complaint seeks payment to BANA. [Doc. 2-1 at 16, ¶ 13; Doc. 2 at ¶ 13]. While the complaint also seeks payment to Plaintiffs, that is presumably to enforce the requirement that the residual loss amount, if any remains after payment to BANA, be paid to the borrowers, *i.e.,* Plaintiffs.

After considering the *Schlehuber* decision and Florida state cases interpreting *Schlehuber*, the Court agrees with its sister courts and rejects Defendant's argument that *Schlehuber* is inapplicable to confer Plaintiffs—who are property owners with an insurable interest under Florida Statutes § 627.405—with standing to enforce the loss payment clause of the mortgagee's LPI policy as third-party beneficiaries.  Accordingly, the Court denies Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

      B.      **Whether Plaintiffs fail to state a third-party breach of contract claim**

Defendant also contends the complaint must be dismissed because Plaintiffs fail to allege an element of a third-party breach of contract claim—that the contracting parties intended for the LPI policy to directly benefit Plaintiffs.  [Doc. 11 at 12-16].  Plaintiffs do not respond to this argument.

In order to state a third-party breach of contract cause of action, a party must allege the following elements: (1) the existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of

8

the contract; (4) and damages to the third-party resulting from the breach. *Foundation Health v. Westside EKG Assoc.,* 944 So. 2d 188 (Fla. 2006). However, given that *Schlehuber*—in holding that the purchaser was a third-party beneficiary based on his insurable interest in the property— did not discuss whether the insurance policy showed the contracting parties' intent to benefit the purchaser, it is unclear whether Plaintiffs must still allege and establish that BANA and Defendant intended for the LPI policy to benefit Plaintiffs. *See also Ran Investments,* 379 So. 2d at 994 (no determination regarding whether the policy showed the contracting parties' clear intent to benefit the plaintiff); *Spindler*, 284 So. 2d at 483 (same).

Nonetheless, this element is sufficiently alleged to survive a motion to dismiss. The complaint alleges that Plaintiffs "directly benefit by Defendant's payment of insurance proceeds to Mortgagee [BANA]." [Doc. 2, ¶ 13]. Further, the complaint attaches the LPI policy, which requires paying any residual amount of loss beyond BANA's insurable interest to Plaintiffs. *See Fawkes v. Balboa Ins. Co.*, 2011 WL 557322, *2 (M.D. Fla. Feb. 11, 2011) (finding the LPI policy "describes an intent to confer a benefit to the borrower").

Defendant argues that Plaintiffs are not intended beneficiaries because the clause limits Plaintiffs' payment to residual loss amounts. [Doc. 11 at 15]. However, Defendant provides no support for its argument that a limited benefit means Plaintiffs are not intended beneficiaries as a matter of law. Defendant also contends that the cases, *Harrison v. Safeco Insurance Company of America,* 2007 WL 1244268 (E.D. La. Jan. 26, 2007) and *Paulk v. Balboa Insurance Company*, 2006 WL 1994864 (S.D. Miss. July 14, 2006), support its argument that Plaintiffs are not third-party beneficiaries of the LPI policy. However, neither case applies Florida state law. Nor does either case involve an LPI policy with a loss payment clause requiring that any residual payments be made to the borrower.

9

Accordingly, Defendant's Rule 12(b)(6) motion to dismiss for failure to state a third-party breach of contract claim is denied.

### C.     Whether Plaintiffs are omnibus insureds under Florida Statutes § 627.428

Plaintiffs' complaint seeks attorneys' fees and costs under Florida Statutes § 627.428, which provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Defendant argues that Plaintiffs are not named insureds, omnibus insureds, or named beneficiaries under the statute.

In response, Plaintiffs do not contend that they are named insureds or named beneficiaries; they contend their third-party beneficiary status does not preclude them from receiving attorney's fees because their insurable interest qualifies them as omnibus insureds. The statute does not define the term "omnibus insured" and no Florida state court has addressed that term in the context of a property owner bringing a third-party breach of contract claim to enforce the loss payment provision of its mortgagee's LPI policy.

However, it is unclear why this issue must be determined on Defendant's Rule 12(b)(6) motion to dismiss. *Fawkes* found that this issue could not be resolved on summary judgment because genuine issues of material fact existed as to whether the borrower was an insured under the statute. 2012 WL 527168, at *5. While *Kelly* and *Conyers* held that the borrowers were not "omnibus insureds" entitled to attorney's fees, this was determined upon summary judgment. *Kelly*, 2012 WL 4761905 at *4; *Conyers*, 2013 WL 1233891 at *6. Further, in the Florida state cases cited in both parties' briefs, the issue of whether the plaintiff was entitled to attorney's fees

10

under Section 627.428 was not determined on a Rule 12(b)(6) motion to dismiss but determined after entry of judgment against the insurance company or the insurance company's confession of judgment. *See e.g., Southern American Fire Ins. Co. v. Spitzer*, 322 So. 2d 615, (Fla. 3d DCA 1975) (judgment upon jury verdict included attorney's fees); *Indus. Fire & Cas. Ins. Co. v. Prygrocki,* 422 So. 2d 314, 315 (Fla. 1982) (statutory attorney's fees determined after the insurance company agreed that the plaintiff was entitled to recover under the policy); *State Farm Fire & Cas. Co. v. Kambara*, 667 So. 2d 831, 832 (Fla. 4th DCA 1996) (statutory attorney's fees decided after the parties stipulated to plaintiff's entitlement to recovery under policy); *see also Magnetic Imaging Syst., I, Ltd. v. Prudential Prop. & Cas. Ins. Co.*, 847 So. 2d 987, 990 (Fla. 3d DCA 2003) ("Where an insurer makes payment of a claim after suit is filed, but before a judgment is rendered, such payment operates as a confession of judgment, entitling the insured to an attorney's fee award."). Therefore, Defendant's Rule 12(b)(6) motion to dismiss is denied without prejudice.

## IV. CONCLUSION

Accordingly, it is ORDERED that Defendant Balboa Insurance Company's Motion to Dismiss [Doc. 11] is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of August, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Parties & Counsel of Record